# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

| | |
|---|---|
| OXFORD CASINO HOTEL, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>MILTON F. CHAMPION, in his official capacity as Executive Director of the Maine Gambling Control Unit,<br><br>*Defendant*,<br><br>and<br><br>HOULTON BAND OF MALISEET INDIANS, MI'KMAQ NATION, PASSAMAQUODDY TRIBE, and PENOBSCOT NATION,<br><br>*Defendant-Intervenors*. | Civil Action No.: 1:26-CV-00046-LEW |

## WABANAKI NATIONS' ANSWER TO COMPLAINT

Pursuant to Federal Rule of Civil Procedure 24(c), Defendant-Intervenors the Houlton Band of Maliseet Indians, the Mi'kmaq Nation, the Passamaquoddy Tribe, and the Penobscot Nation (collectively "the Wabanaki Nations") submit this Answer to the First Amended Complaint ("Complaint") filed by Plaintiffs Oxford Casino Hotel, BB Development, LLC, and Churchill Downs Incorporated (collectively "Plaintiffs") and challenging Maine's "An Act to Create Economic Opportunity for the Wabanaki Nations Through Internet Gaming" (the "Act"). Any use of the Complaint's headings and numbered paragraphs in this Answer corresponds to those set forth in the Complaint and do not constitute an admission by the Wabanaki Nations of their relevancy or accuracy. The Wabanaki Nations expressly reserve the right to seek to amend or supplement their Answer as may be necessary.

## GENERAL DENIAL

The Wabanaki Nations deny all allegations in the Complaint that have not otherwise been specifically admitted or denied herein. The Wabanaki Nations' general denial extends to any

1

asserting contained within the headers of the Complaint to the extent that it constitutes an affirmative allegation.

## PRELIMINARY STATEMENT

1. The Act speaks for itself and therefore does not require an answer. Other allegations in Paragraph 1 purport to characterize the Act or the nature of this action, and/or constitute legal arguments and conclusions to which no response is required. The Wabanaki Nations are without knowledge or information sufficient to form a belief as to the truth of any remaining part of Paragraph 1. To the extent a further response is required, any remaining allegations in Paragraph 1 are denied.

2. The allegations in Paragraph 2 purport to characterize Maine law and constitute legal arguments and conclusions to which no response is required. To the extent a further response is required, any remaining allegations in Paragraph 2 are denied.

3. The allegations in Paragraph 3 constitute legal arguments and conclusions to which no response is required. The Wabanaki Nations are also without knowledge or information sufficient to form a belief as to the truth of other parts of Paragraph 3. Paragraph 3 purports to reference a document that presumably speaks for itself, and therefore does not require an answer. To the extent a further response is required, any remaining allegations in Paragraph 3 are denied.

4. The allegations in Paragraph 4 constitute legal arguments and conclusions to which no response is required. They also state Plaintiffs' policy preferences, which require no response. The Wabanaki Nations are also without knowledge or information sufficient to form a belief as to the truth of any remaining part of Paragraph 4. To the extent a further response is required, any remaining allegations in Paragraph 4 are denied.

5. The allegations in Paragraph 5 constitute a legal argument and conclusion to which

2

no response is required. To the extent a response is required, Paragraph 5 is denied.

6.      The allegations in Paragraph 6 constitute legal arguments and conclusions to which no response is required. To the extent a response is required, Paragraph 6 is denied.

7.      The allegations in Paragraph 7 constitute legal arguments and conclusions to which no response is required. To the extent a response is required, Paragraph 7 is denied.

8.      The allegations in Paragraph 8 constitute legal arguments and conclusions to which no response is required. Other allegations purport to characterize the Act, which speaks for itself and to which no response is required. To the extent a response is required, Paragraph 8 is denied.

9.      The Wabanaki Nations admit that Plaintiffs are not federally recognized Indian tribes. Other allegations in Paragraph 9 constitute legal arguments and conclusions or purport to characterize the Act and thus require no response. The Wabanaki Nations are also without knowledge or information sufficient to form a belief as to the truth of any remaining part of Paragraph 9. To the extent a further response is required, any remaining allegations in Paragraph 9 are denied.

10.     The Wabanaki Nations are without knowledge or information sufficient to form a belief as to the truth of other allegations of Paragraph 10. To the extent a response is required, Paragraph 10 is denied.

11.     The Wabanaki Nations are without knowledge or information sufficient to form a belief as to the truth of Paragraph 11. To the extent a response is required, Paragraph 11 is denied.

12.     The allegation in Paragraph 12 constitutes a request for relief to which no response is required. To the extent a response is required, Paragraph 12 is denied.

## **PARTIES**

13.     The Wabanaki Nations admit that Oxford Casino is one of Maine's two licensed casinos and has operated for over a decade.

14.     The Wabanaki Nations are without knowledge or information sufficient to form a belief as to the truth of Paragraph 14, and therefore must deny it to the extent a response is required.

15.     The Wabanaki Nations are without knowledge or information sufficient to form a belief as to the truth of Paragraph 15, and therefore must deny it to the extent a response is required.

16.     The first sentence of Paragraph 16 is admitted. The remainder of paragraph 16 purports to characterize the Act and requires no response. To the extent a further response is required, any remaining allegations in Paragraph 16 are denied.

## JURISDICTION AND VENUE

17.     The allegations in Paragraph 17 constitute legal arguments and conclusions to which no response is required. To the extent a response is required, Paragraph 17 is denied.

18.     The Wabanaki Nations admit that, to the extent admitted in other paragraphs of this answer, certain events giving rise to the claims in this lawsuit occurred in this district. The remaining allegations in Paragraph 18 constitute legal arguments and conclusions to which no response is required. To the extent a further response is required, any remaining allegations in Paragraph 18 are denied.

## FACTUAL ALLEGATIONS

### I.     Oxford Casino's Operation

19.     The Wabanaki Nations admit that Oxford Casino is one of Maine's two licensed casinos and has operated for over a decade. The Wabanaki Nations are without knowledge or information sufficient to form a belief as to the truth of any remaining part of Paragraph 19. To the extent a further response is required, any remaining allegations in Paragraph 19 are denied.

20.     The Wabanaki Nations are without knowledge or information sufficient to form a belief as to the truth of Paragraph 20. To the extent a response is required, Paragraph 20 is denied.

21.     The Wabanaki Nations are without knowledge or information sufficient to form a belief as to the truth of Paragraph 21. To the extent a response is required, Paragraph 21 is denied.

22.     The Wabanaki Nations admit paragraph 22.

23.     The Wabanaki Nations are without knowledge or information sufficient to form a belief as to the truth of Paragraph 23. To the extent a response is required, Paragraph 23 is denied.

24.     The Wabanaki Nations are without knowledge or information sufficient to form a belief as to the truth of Paragraph 24. To the extent a response is required, Paragraph 24 is denied.

25.     The Wabanaki Nations are without knowledge or information sufficient to form a belief as to the truth of Paragraph 25. To the extent a response is required, Paragraph 25 is denied.

26.     The allegations in Paragraph 26 constitute statements about state law regarding tax dollars to which no response is required. The Wabanaki Nations are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26. To the extent a response is required, the remaining allegations in Paragraph 26 are denied.

27.     The allegation in Paragraph 27 constitutes a statement about state law regarding use of tax dollars to which no response is required. To the extent a further response is required, the remaining allegations in Paragraph 27 are denied.

## II.     Tribal Status in Maine

28.     The allegation in Paragraph 28 constitutes a legal conclusion to which no response is required and cites statutes that speak for themselves. To the extent a response is required, the Wabanaki Nations deny any erroneous legal arguments or conclusions and any remaining allegations.

29.     The allegations in Paragraph 29 are admitted.

30.     The Wabanaki Nations admit that years of land disputes preceded the Maine Indian

Claims Settlement Act of 1980. The other allegations in Paragraph 30 constitute legal arguments and conclusions to which no response is required and cite statutes that speak for themselves. To the extent a further response is required, any remaining allegations in Paragraph 30 are denied.

31.    The allegations in Paragraph 31 constitute legal conclusions and arguments to which no response is required and cite statutes that speak for themselves. To the extent a response is required, Paragraph 31 is denied.

32.    The first sentence in Paragraph 32 is unduly vague and ambiguous, and thus no response is required. The second sentence in Paragraph 32 constitutes a legal conclusion to which no response is required. Paragraph 32 also cites statutes that speak for themselves, and thus no response is required. To the extent a further response is required, any remaining allegations in Paragraph 32 are denied.

33.    The allegations in Paragraph 33 constitute legal arguments and conclusions to which no response is required and characterize federal statutes that speak for themselves. To the extent a further response is required, any remaining allegations in Paragraph 33 are denied.

34.    The allegation in Paragraph 34 constitutes a legal conclusion and argument to which no response is required and cites a statute that speaks for itself. To the extent a response is required, Paragraph 34 is denied.

### III.    Maine's Monopoly Law

35.    The factual allegations in Paragraph 35 are admitted except to the extent Paragraph 35 alleges that the Act is or establishes a monopoly.

36.    The Wabanaki Nations admit that the Act authorizes the operation of Internet gaming by licensed entities but denies allegations in Paragraph 36 characterizing the Act. To the extent a further response is required, any remaining allegations in Paragraph 36 are denied.

37.     The allegations in Paragraph 37 constitute legal conclusions to which no response is required and characterize a statute that speaks for itself. To the extent a response is required, Paragraph 37 is denied.

38.     The allegation in Paragraph 38 constitutes a legal conclusion and argument to which no response is required and characterizes statutes that speak for themselves. To the extent a response is required, Paragraph 38 is denied.

39.     The allegations in Paragraph 39 constitute legal conclusions to which no response is required and characterize a statute that speaks for itself. To the extent a response is required, Paragraph 39 is denied.

40.     The allegations in Paragraph 40 constitute legal conclusions to which no response is required. To the extent a response is required, Paragraph 40 is denied.

41.     The allegations in Paragraph 41 quote a document or other record that speaks for itself and therefore does not require an answer. Any remaining allegations in Paragraph 41 constitute legal arguments and conclusions to which no response is required. To the extent a further response is required, any remaining allegations in Paragraph 41 are denied.

42.     Paragraph 42 purports to quote a document or other record that speaks for itself and therefore does not require an answer. To the extent a response is required, the allegations in Paragraph 42 are denied.

**IV.     The Monopoly Law Injures Plaintiffs**

43.     The allegations in Paragraph 43 constitute legal arguments and conclusions to which no response is required. To the extent a further response is required, any remaining allegations in Paragraph 43 are denied.

44.     The Wabanaki Nations admit that Oxford Casino is a brick-and-mortar casino that

already offers in-person gaming. The Wabanaki Nations also admit that Oxford Casino is not a federally recognized Indian Tribe in Maine. The second sentence of Paragraph 44 states Oxford Casino's policy preference to which no response is required. Other allegations in Paragraph 44 constitute legal arguments and conclusions to which no response is required. The Wabanaki Nations are also without knowledge or information sufficient to form a belief as to the truth of any remaining part of Paragraph 44. To the extent a further response is required, any remaining allegations in Paragraph 44 are denied.

45.     The allegations in Paragraph 45 constitute legal conclusions to which no response is required and characterizes the Act, which speaks for itself. The Wabanaki Nations are without knowledge or information sufficient to form a belief as to the truth of other parts of Paragraph 45. To the extent a further response is required, any remaining allegations in Paragraph 45 are denied.

46.     The Wabanaki Nations are without knowledge or information sufficient to form a belief as to the truth of Paragraph 46. To the extent a further response is required, the allegations in Paragraph 46 are denied.

47.     The Wabanaki Nations are without knowledge or information sufficient to form a belief as to the truth of Paragraph 47. To the extent a further response is required, any remaining allegations in Paragraph 47 are denied.

48.     The allegations in Paragraph 48 include a legal argument and conclusion to which no response is required and quote a court case that speaks for itself. The Wabanaki Nations are without knowledge or information sufficient to form a belief as to the truth of any remaining part of Paragraph 48. To the extent a further response is required, any remaining allegations in Paragraph 48 are denied.

49.     The Wabanaki Nations admit that Churchill Downs Incorporated is not a federally

8

recognized Indian Tribe in Maine. Other allegations in Paragraph 49 constitute legal conclusions to which no response is required. The Wabanaki Nations are without knowledge or information sufficient to form a belief as to the truth of any remaining part of Paragraph 49. To the extent a further response is required, any remaining allegations in Paragraph 49 are denied.

50.     The allegations in Paragraph 50 include a legal conclusion to which no response is required and characterize the Act, which speaks for itself. The Wabanaki Nations are without knowledge or information sufficient to form a belief as to the truth of any remaining part of Paragraph 50. To the extent a further response is required, any remaining allegations in Paragraph 50 are denied.

## COUNT ONE

**42 U.S.C. § 1983, Equity, Declaratory Judgment Act**
**(Violation of Equal Protection, U.S. Const. Amend. XIV)**

51.     The Wabanaki Nations incorporate by reference all previous paragraphs in this Answer as if fully set forth herein.

52.     The allegation in Paragraph 52 constitutes a legal conclusion to which no response is required and cites a statute that speaks for itself. To the extent a response is required, Paragraph 52 is denied.

53.     The allegation in Paragraph 53 constitutes a legal conclusion to which no response is required and cites court decisions that speak for themselves. To the extent a response is required, Paragraph 53 is denied.

54.     The allegation in Paragraph 54 constitutes a legal conclusion to which no response is required and cites a statute that speaks for itself. To the extent a response is required, Paragraph 54 is denied.

55.     The allegation in Paragraph 55 constitutes a legal argument and conclusion to

which no response is required. To the extent a response is required, Paragraph 55 is denied.

56.     The Wabanaki Nations admit that Plaintiffs are not a federally recognized Indian Tribe in Maine. The remaining allegations in Paragraph 56 constitute legal conclusions to which no response is required. The Wabanaki Nations are also without knowledge or information sufficient to form a belief as to the truth of any remaining part of Paragraph 56. To the extent a further response is required, any remaining allegations in Paragraph 56 are denied.

57.     The allegation in Paragraph 57 constitutes a legal argument and conclusion to which no response is required and characterizes the Act, which speaks for itself. To the extent a further response is required, the allegations in Paragraph 57 are denied.

58.     The allegation in Paragraph 58 constitutes a legal argument and conclusion to which no response is required. To the extent a further response is required, the allegations in Paragraph 58 are denied.

59.     The allegation in Paragraph 59 characterizes Plaintiffs' claim and request for relief and no response is required. To the extent a response is required, Paragraph 59 is denied.

60.     The allegation in Paragraph 60 constitutes a request for relief to which no response is required. To the extent a response is required, Paragraph 60 is denied.

61.     The allegation in Paragraph 61 constitutes a request for relief to which no response is required. To the extent a response is required, Paragraph 61 is denied.

## COUNT TWO

**42 U.S.C. § 1983, Equity, Declaratory Judgment Act**
**(Violation of the Commerce Clause, U.S. Const. Art. I, § 8, cl. 3)**

62.     The Wabanaki Nations incorporate by reference all previous paragraphs in this Answer as if fully set forth herein.

63.     The allegation in Paragraph 63 constitutes a legal conclusion to which no response

is required and cites a statute that speaks for itself. To the extent a response is required, Paragraph 63 is denied.

64.     The allegation in Paragraph 64 constitutes a legal conclusion to which no response is required and cites court decisions that speak for themselves. To the extent a response is required, Paragraph 64 is denied.

65.     The allegation in Paragraph 65 constitutes a legal conclusion to which no response is required and cites a statute that speaks for itself. To the extent a response is required, Paragraph 65 is denied.

66.     The allegations in Paragraph 66 constitute legal arguments and conclusions to which no response is required. To the extent a further response is required, any remaining allegations in Paragraph 66 are denied.

67.     The Wabanaki Nations admit that Plaintiffs are not a federally recognized Indian Tribe in Maine. The remaining allegations in Paragraph 67 constitute legal conclusions to which no response is required. The Wabanaki Nations are without knowledge or information sufficient to form a belief as to the truth of any remaining part of Paragraph 67. To the extent a further response is required, any remaining allegations in Paragraph 67 are denied.

68.     The allegation in Paragraph 68 constitutes a legal argument and conclusion to which no response is required and characterizes the Act, which speaks for itself. To the extent a further response is required, the allegations in Paragraph 68 are denied.

69.     The allegation in Paragraph 69 constitutes a legal argument and conclusion to which no response is required. To the extent a response is required, Paragraph 69 is denied.

70.     The allegation in Paragraph 70 characterizes Plaintiffs' claim and request for relief and requires no response. To the extent a response is required, Paragraph 70 is denied.

11

71.     The allegation in Paragraph 71 constitutes a request for relief to which no response is required. To the extent a response is required, Paragraph 71 is denied.

72.     The allegation in Paragraph 72 constitutes a request for relief to which no response is required. To the extent a response is required, Paragraph 72 is denied.

### PRAYER FOR RELIEF

73.     The allegations in Paragraph 73 constitute requests for relief to which no response is required. To the extent a response is required, Paragraph 73 is denied.

### AFFIRMATIVE DEFENSES

The Wabanaki Nations assert the following affirmative defense, without conceding that the Wabanaki Nations have the burden of proof on any issue as to which applicable law places the burden of proof upon Plaintiffs. The Wabanaki Nations reserve the right to amend or modify the following defense, or to raise additional defenses not asserted herein, of which the Wabanaki Nations may learn through discovery or other investigation in this matter or otherwise.

1.      Plaintiffs lack standing to assert their claims.

Dated: May 7, 2026                              Respectfully submitted,

                                                */s/ Leonard R. Powell*

Melissa Hewey                                   Leonard R. Powell*
Drummond Woodsum                                Native American Rights Fund
84 Marginal Way, Suite 600                      950 F Street, NW, Suite 1050
Portland, ME 04101                              Washington, D.C. 20004
Phone: (207) 253-0528                           (202) 785-4166
mhewey@dwmlaw.com                               powell@narf.org

                                                Matthew Campbell*
                                                Allison Neswood*
                                                Native American Rights Fund
                                                250 Arapahoe Ave.
                                                Boulder, CO 80302
                                                (303) 447-8760

mcampbell@narf.org
neswood@narf.org

*Admitted pro hac vice*

*Counsel for Defendant-Intervenors*