**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE**

| | |
|---|---|
| OXFORD CASINO HOTEL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MILTON F. CHAMPION, <br><br> Defendant, <br><br> HOULTON BAND OF MALISEET INDIANS, MI'KMAQ NATION, PASSAMAQUODDY TRIBE, and PENOBSCOT NATION, <br><br> Intervenor-Defendants. | No. 1:26-cv-00046-LEW |

**MOTION FOR LEAVE TO FILE AMICUS BRIEF IN SUPPORT OF PLAINTIFFS'
OPPOSITION TO DEFENDANT'S AND INTERVENOR-DEFENDANTS' MOTIONS
FOR SUMMARY JUDGMENT**

The California Gaming Association moves to file a brief as *amicus curiae* in support of Plaintiffs' opposition to Defendant's and Intervenor-Defendants' motions for summary judgment. The proposed amicus brief is attached to this motion. Plaintiffs consent to the filing of this motion and the attached brief. Defendant and the Intervenor-Defendants take no position.

**I.      Introduction and Interest of Amicus Curiae[1]**

The California Gaming Association ("CGA") is a non-profit trade association made up of over 90% of California's state-licensed cardrooms and third-party providers. CGA members generate approximately $5.6 billion of economic impact, 20,000 jobs, and $500 million of tax revenue for the communities in which they operate. CGA members are also one of the leading sources of general fund revenue used by many local jurisdictions to provide essential community services. CGA's mission includes monitoring legislation and regulation and taking legal action to protect its members' interests,

---

[1] No party's counsel authored the attached brief in whole or in part. And no party, party's counsel, or person (other than amicus, its members, or its counsel) contributed money to fund the brief's preparation or submission.

including filing amicus briefs. *See, e.g.*, Doc. 106, *Scotts Valley Band of Pomo Indians v. Burgum*, No. 25-cv-958 (D.D.C. Aug. 22, 2025) (CGA amicus brief on jurisdictional and procedural issues pertaining to litigation over tribal gaming); Brief of Amicus Curiae California Gaming Association, *Maverick Gaming LLC v. United States*, No. 24-1161 (U.S. June 12, 2025) (same).

CGA and its members have a strong interest in upholding fundamental constitutional principles of equality before the law, especially with respect to the industry in which they participate. Maine's iGaming law flouts these principles by creating an unlawful occupational licensing regime in which a person's eligibility to participate in the industry turns on race and ancestry. CGA, whose members have experienced the harms caused by race-based commercial monopolies firsthand, *see* Cal. Const. art. IV, §19(f), has an interest in combatting the spread of race-based occupational licensing around the country.

## II.   Grounds for Granting Leave to File Amicus Brief

This Court grants a party amicus status "when there is an issue of general public interest" or where "the amicus provides supplemental assistance to existing counsel." *Portland Pipe Line Corp. v. City of S. Portland*, 2017 WL 79948, at *5 (D. Me. Jan. 9, 2017) (cleaned up); *see also id.* (amicus briefs are "desirable" when "they represent third parties whose particular interests may be affected by the Court's ruling and whose particular interests are echoed in broader public interests"). This Court has the "inherent authority" to permit amicus participation. *Verizon New England v. Me. Pub. Utilities Comm'n*, 229 F.R.D. 335, 338 (D. Me. 2005); *Resort Timeshare Resales v. Stuart*, 764 F. Supp. 1495, 1500-01 (D. Me. 1991). And "assuming the other criteria are met," judges should "grant the motion for leave to file an amicus brief and take the brief for what it is worth," especially since "it is frequently hard to tell whether an amicus brief adds anything useful to the briefs of the parties without thoroughly studying those briefs and other pertinent materials, and it is often not feasible to do this in connection

with the motion for leave to file." *United States v. Maine*, 2025 WL 2582122, at *2 (D. Me. Sept. 5, 2025) (cleaned up).

Accordingly, this Court has consistently exercised its "inherent authority" to grant leave to file amicus briefs. *See, e.g.*, Doc. 47, *Baber v. Dunlap*, No. 18-cv-465 (D. Me. Nov. 29, 2018) (Walker, C.J.) (Campaign Legal Center granted leave to file amicus brief); Doc. 38, *Maine Lobstering Union—Local 207 v. Raimondo*, No. 21-cv-275 (D. Me. Oct. 14, 2021) (Walker, C.J.) (Maine Lobstermen's Association granted leave to file amicus brief); Doc. 23, *Maine Family Planning v. HHS*, No. 25-cv-364 (D. Me. Aug. 1, 2025) (Walker, C.J.) (American Center for Law and Justice granted leave to file amicus brief); Doc. 63, *United States v. Bellows*, No. 25-cv-468 (D. Me. Dec. 15, 2025) (Walker, C.J.) (American Civil Liberties Union of Maine granted leave to file amicus brief). It should do so here too.

The scope of the Equal Protection Clause's prohibition on racial discrimination is unquestionably an issue of "general public interest." *See, e.g.*, *Awad v. Ziriax*, 670 F.3d 1111, 1132 (10th Cir. 2012) ("[T]he public has [a] profound and long-term interest in upholding an individual's constitutional rights."). Indeed, jurists across the country have recognized the public importance of this issue in similar contexts. *See, e.g.*, *W. Flagler Assocs. v. Haaland*, 144 S. Ct. 10 (2023) (Statement of Kavanaugh, J.) ("To the extent that a separate [state] statute … authorizes the Seminole Tribe—and only the Seminole Tribe—to conduct certain off-reservation gaming operations in Florida, the state law raises serious equal protection issues."); *see also Williams v. Babbitt*, 115 F.3d 657, 665 (9th Cir. 1997).

CGA's amicus brief will assist the Court in evaluating this important issue by explaining why, even if *Mancari* applies to state-law tribal preferences (and it does not), there is no reason to expand its "limited exception" to any "new and larger dimension," *Rice v. Cayetano*, 528 U.S. 495, 520 (2000), much less the sweeping new context of race-based occupational licensing and commercial monopolies. CGA is uniquely situated to address these important issues given its experience in California, where

state law authorizes tribes alone to offer certain games such as slot machines and banking and percentage card games. *See* Cal. Const. art. IV, §19(f).

CGA's motion is also timely and will not result in any prejudice or delay. *Cf.* Fed. R. App. P. 29(a)(6); *see also Maine*, 2025 WL 2582122, at *2. This brief is being submitted just seven days after the parties' principal briefs and with ample time to allow the parties to review and respond to the brief as they deem appropriate. This Court has consistently granted leave to file amicus briefs in analogous contexts, *see supra*, at 2, and it should follow that practice here.

### Conclusion

The Court should grant CGA leave to file its proposed amicus brief.

Dated: June 19, 2026

Respectfully submitted,

*/s/Patrick Strawbridge*
Patrick Strawbridge (ME Bar #10024)
CONSOVOY MCCARTHY PLLC
Ten Post Office Square
8th Floor South PMB #706
Boston, MA 02019
(703) 243-9423
patrick@consovoymccarthy.com

*Counsel for Amicus Curiae*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on June 19, 2026, the foregoing document was filed electronically using

the Court's CM/ECF system, which will send notification of this filing to all registered participants.


/s/ Patrick Strawbridge
Patrick Strawbridge