## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

OXFORD CASINO HOTEL,

777 Casino Way, Oxford, ME 04270,

BB DEVELOPMENT, LLC,

777 Casino Way, Oxford, ME 04270,

CHURCHILL DOWNS INCORPORATED,

600 N. Hurstbourne Parkway, Suite 400,
Louisville, KY 40222,

          Plaintiffs,

      v.

MILTON F. CHAMPION, in his official
capacity as Executive Director of the Maine
Gambling Control Unit,

45 Commerce Drive, Suite 5, Augusta, ME
04333,

          Defendant.

Civil Action No.
1:26-cv-00046-LEW

### PLAINTIFFS' REQUEST FOR A STATUS CONFERENCE

Plaintiffs, Oxford Casino Hotel; BB Development, LLC; and Churchill Downs

Incorporated, (collectively, "**Oxford Casino**") request a status conference with the Court to

discuss the impact of potential implementation of An Act to Create Economic Opportunity for

the Wabanaki Nations Through Internet Gaming ("**iGaming Law**"), 8 M.R.S.A. § 1205 *et seq*.

### Background and Argument

Oxford Casino brought this action challenging the constitutionality of a recently enacted

Maine law, the iGaming Law.  As noted in the Parties' Joint Objection to the Scheduling Order,

the earliest possible effective date of the iGaming Law, was July 14, 2026.  ECF No. 25 at 2.

The State, however, represented that "rules necessary to implement the iGaming Law will not be

#19862573v2

effective until July 31, 2026, at the earliest." *Id.* Given that time frame, the Parties agreed to a briefing schedule "aimed at obviating the need for Oxford Casino to seek preliminary relief in advance of the iGaming Law's effective date." *Id.* To further serve efficiency, the Parties also requested that discovery be stayed pending resolution of the dispositive motions and that the court waive the requirement for a Local Rule 56(h) pre-filing conference. *Id.* at 3.

The Court granted the joint motion and the Parties completed briefing on dispositive motions accordingly.

As noted above, the earliest date upon which the iGaming Law could be implemented has passed. Just prior to the expiration of such a date, counsel for Oxford Casino contacted counsel for the State to request a meeting to discuss the timing of when the iGaming regulations could be implemented. The State declined the request and said it had nothing it could share regarding a firm implementation date. Oxford Casino's counsel then asked if the State could provide an updated representation to the Court. The State said it could not represent a different implementation date to the Court.

Thus, as of now, Oxford Casino has challenged a law in advance of its implementation date, but cannot determine if, and when, the law will be implemented during the pendency of that challenge. Oxford Casino respectfully submits that a status conference to address this issue has the potential to avoid motions practice and promote the efficiency the Parties aimed to achieve in establishing the dispositive-briefing schedule outlined above.

Oxford Casino sought the position of the State and Intervenors with respect to this request for a status conference. Counsel for both stated that their respective clients do not join in the request.

2

#19862573v2

Dated: August 4, 2026

Respectfully submitted,

/s/ *Nolan L. Reichl*
John A. Woodcock III
Nolan L. Reichl
PIERCE ATWOOD LLP
Merrill's Wharf
254 Commercial St.
Portland, ME 04101
207-791-1100
jwoodcock@pierceatwood.com
nreichl@pierceatwood.com

3

#19862573v2